**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Romero, | No. CV-23-01033-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Steel Roots LLC, et al., | |
| Defendants. | |

Plaintiff has filed a Motion for Default Judgment against Defendants. (Doc. 19). Defendants have not filed a response. For the following reasons, the Court will grant the Motion and direct entry of default judgment against Defendant Steel Roots LLC in the amount of $16,800 and against Defendants Steel Roots LLC, Carie Bradshaw, and John Doe Bradshaw, jointly and severally, in the amount of $8,616.

**BACKGROUND**

Plaintiff filed this action for the recovery of unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") on June 7, 2023. (Doc. 1, "Compl."). Defendants are an Arizona residential construction and remodeling company and two individuals alleged to be owners thereof. *Id.* at ¶¶ 11, 27. Plaintiff asserts Defendants misclassified him as an independent contractor and only paid him for two of the approximately six or seven workweeks of his employment with Defendants performing plumbing, painting, and other labor. *Id.* at ¶¶ 28, 39–40. Defendant Steel Roots LLC was

served on July 19, 2023, (Doc. 12), and Defendants Carie Bradshaw and John Doe Bradshaw were served by certified mail on August 29, 2023, (Doc. 15). Defendants did not file an answer or otherwise participate in the action. On September 25, 2023, default was entered against Defendants pursuant to Fed. R. Civ. P. 55(a). (Doc. 18). On November 7, 2023, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 19, "Mot.").

## JURISDICTION

When a party seeks default judgment "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th. Cir. 1999). Because Plaintiff's Complaint invokes a federal cause of action under the FLSA, the Court has subject matter jurisdiction over Counts One and Two. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the Arizona state law claims, Counts Three and Four, because they are "part of the same case or controversy" as Plaintiff's federal law claim. 28 U.S.C. § 1367(a). The Court also has personal jurisdiction over Defendants. Plaintiff's claims arise from Defendants' business activities in Arizona and their alleged failure to comply with federal and state employment laws during those activities. Compl. at ¶¶ 7–72; *Picot v. Weston*, 780 F.3d 1206, 1211 (9th. Cir. 2015).

## DEFAULT JUDGMENT

Once default is entered, the Court may enter default judgment under Rule 55(b). Deciding to grant default judgment is discretionary and the Court must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong preference to decide cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

### I. Possible Prejudice to Plaintiffs

Continuation of this action despite Defendants' failure to answer or otherwise participate would prejudice Plaintiff by precluding a judicial resolution of his claims. This

factor weighs in favor of granting default judgment. *See Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1198 (C.D. Cal. 2018).

## II. Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, require courts to consider whether a plaintiff has stated a claim on which they may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). In considering these factors, the complaint's factual allegations are taken as true, but the plaintiff must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

To bring a minimum wage claim under the FLSA, a plaintiff must allege they were not paid applicable minimum wages. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 206. And to bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek when they worked more than forty hours and was not paid overtime wages for those hours. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 207. An employee can be covered under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business done greater than $500,000; or (ii) individual coverage if the employee is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(s)(1)(A), 206(b); *see also Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997). An individual can be subject to liability under the FLSA when she "exercises control over the nature and structure of the employment relationship, or economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009). To bring a claim under the AMWA, a plaintiff must allege they were not paid the applicable minimum wage for hours worked. A.R.S. § 23-363(A). To bring a claim under the AWA, a plaintiff must allege the Defendant failed to pay wages due to the plaintiff. A.R.S. § 23-355.

Plaintiff has alleged he "typically worked approximately between 60 and 65 hours"

over "approximately between six and seven workweeks for Defendants," was not "properly compensate[d] for his overtime hours," and was paid "no wages whatsoever for the time he spent working in his final four or five workweeks." Compl. at ¶¶ 38–39, 41, 64. Plaintiff also alleges Defendants' enterprise "had annual gross sales of at least $500,000" and he, "in his work for Defendants, was engaged in interstate commerce." *Id.* at ¶¶ 23–26. Plaintiff also alleges he was an employee of Defendants and Defendants were his employers as defined by A.R.S. § 23-362. *Id.* at ¶¶ 20–21. Finally, Plaintiff alleges the individual Defendants—Carie Bradshaw and John Doe Bradshaw—are owners of Defendant Steel Roots LLC, had the authority to hire and fire employees, supervised and controlled work schedules, determined the rate and method of payment, and ran maintained employment records in connection with Plaintiff's employment with Defendants. *Id.* at ¶¶ 11–12.

Because Plaintiff's well-pled factual allegations must be taken as true, Plaintiff has stated a plausible claim for relief against all three Defendants under the FLSA and AMWA, and against Defendant Steel Roots LLC under the AWA. These factors support entering default judgment.

### III. Amount in Controversy

This factor requires the court to consider the amount of money at stake in relation to the seriousness of Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $16,800 in trebled unpaid wages and liquidated unpaid overtime wages. Mot. at 11. This requested amount is reasonable and proportional to Defendants' failure to pay applicable minimum and overtime wages under federal and state law. This factor supports entering default judgment.

### IV. Dispute Over Material Facts

No genuine dispute of material facts prevents granting Plaintiff's motion given the sufficiency of Plaintiff's complaint and Defendants' default. *See PepsiCo*, 238 F. Supp. 2d at 1177. This factor supports entering default judgment.

**V. Excusable Neglect**

Plaintiff executed proper service against all Defendants in this action, (Docs. 12 and 15), and there is nothing indicating Defendants' failure to answer is due to excusable neglect. This factor supports entering default judgment.

**VI. Policy Favoring Decisions on the Merits**

Although there is a strong preference for decisions on the merits whenever reasonably possible, *Eitel*, 782 F.2d at 1472, the existence of Rule 55(b) indicates this preference is not dispositive, *PepsiCo*, 238 F. Supp. 2d at 1177. Since Defendants have failed to appear and respond, a decision on the merits is not possible. This factor supports entering default judgment.

**VII. Conclusion**

All the *Eitel* factors support entering default judgment in this case. This Court will grant Plaintiff's Motion and enter default judgment accordingly.

**DAMAGES**

Under the FLSA, an employer is liable for the employee's "unpaid minimum wages," their "unpaid overtime compensation," and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the AMWA, an employee may recover "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. And under the AWA, an employer is "required to pay the employee the balance of the wages" owed, with interest, "and an additional amount equal to twice the underpaid wages." A.R.S. § 23-364. During Plaintiff's employment with Defendants culminating in December 2022, the applicable federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the applicable state minimum wage was $12.80 per hour, A.R.S. § 23-363(B); Arizona Industrial Commission: Minimum Wage.[1]

Plaintiff submitted an affidavit stating he worked "approximately 60 hours per week" over his six workweeks working for Defendants at an agreed rate of $20 per hour. (Doc. 12-1 at ¶¶ 6, 8). Plaintiff states he was not paid any wages whatsoever for his final

---

[1] https://www.azica.gov/labor-minimum-wage-main-page (last accessed Jan. 3, 2024).

four weeks as Defendants' employee. *Id.* at ¶ 8; *see also* Compl. at ¶ 47. Plaintiff calculates his unpaid minimum wages during this four-week period using 60 hours worked per week. (Doc. 12-1 at ¶ 8). Thus, Plaintiff's minimum wage damages under each applicable statute would be: $1,740 (240 hours * $7.25) in unpaid federal minimum wages under the FLSA, plus liquidated damages for a total of $3,480; $2,072 (240 hours * $12.80) in unpaid Arizona minimum wages under the AMWA, plus statutory trebling of damages for a total of $6,216; and $4,800 (240 hours * $20) in unpaid wages under the AWA, plus statutory trebling of damages for a total of $14,400. Plaintiff does not seek to stack these damages, instead stating the smaller awards are "engulfed" by the larger awards and seeks only $14,400 in total unpaid minimum wage damages. *Id.* at ¶ 19.

Plaintiff also asserts he was not paid applicable overtime wages over the entire course of his employment with Defendants. *Id.* at ¶ 11. Plaintiff calculates his unpaid overtime wages using 60 hours per week with an applicable overtime premium of $10, yielding a total figure of $1,200 in unpaid overtime wages (20 hours * 6 workweeks * $10). *Id.* Plaintiff is also entitled to liquidated damages in equal amount, bringing his total unpaid overtime damages to $2,400.

While only Defendant Steel Roots LLC is liable for damages under the AWA, Plaintiff asserts all three Defendants are jointly and severally liable for his unpaid minimum wage damages and unpaid overtime wage damages under the AMWA and FLSA equal to $8,616 ($6,216 in unpaid Arizona minimum wages + $2,400 in unpaid overtime wages).

Since the damages sought by Plaintiff are provided for by statute and Plaintiff's affidavit is sufficiently detailed to permit the requisite statutory calculations, the Court will grant Plaintiff's requested damages, including a joint and several award against all three Defendants on the FLSA and AMWA claims in the amount of $8,616, and against Defendant Steel Roots LLC only on the difference between the larger AWA award and the AMWA award, or $8,184 ($16,800 - $8,616). The Court will also award post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a). The Court defers an award of attorneys' fees pending the filing of a motion in accordance with Local Rule of

Civil Procedure 54.2.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 19) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Steel Roots LLC, Carie Bradshaw, and John Doe Bradshaw, jointly and severally, in the amount of $8,616 in damages and liquidated damages under the FLSA and the AMWA. The Clerk of Court is also directed to enter judgment in favor of Plaintiff and against Defendant Steel Roots LLC in the amount of $8,184 in damages and liquidated damages under the AWA. These amounts shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** Plaintiff may file a motion for reasonable attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 4th day of January, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge